IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ABBY FISHER, individually and on behalf of all others similarly situated in Missouri, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HY-VEE, INC., | ) ) |
| Defendant. | ) ) ) |

Civil Action No. _____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Hy-Vee, Inc. ("Hy-Vee") hereby gives notice of the removal of this cause of action from the Circuit Court of Jackson County, Missouri, to the Western Division of the United States District Court for the Western District of Missouri.

In support of removal, Hy-Vee states the following:

1. On August 21, 2020, Plaintiff Abby Fisher, individually and allegedly on behalf of all other similarly-situated Missouri consumers ("Plaintiff"), commenced an action captioned *Abby Fisher, individually and on behalf of all others similarly situated in Missouri v. Hy-Vee, Inc.*, Case No. 2016-CV17304 in the Circuit Court of Jackson County, Missouri (the "State Court Action").

2. On September 11, 2020, Plaintiff's counsel mailed the Summons and Petition in the State Court Action to Hy-Vee's registered agent in Missouri, CT Corporation System, via United States certified mail. Hy-Vee's registered agent received these materials on September 15, 2020.

3. This Notice of Removal was filed within 30 days of Hy-Vee's receipt by service of Plaintiff's Petition, the initial pleading setting forth the claim for relief upon which this action is based, and is therefore timely under 28 U.S.C. §§ 1446(b)(1) and 1453.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Hy-Vee in the State Court Action are attached. *See* Exhibit 1.

5. Neither Hy-Vee nor its attorneys have made an appearance in the State Court Action. No further proceedings have occurred in the State Court Action.

6. Pursuant to and in accordance with 28 U.S.C § 1446(d), written notice of this Notice of Removal will be promptly served upon Plaintiff's counsel, and a copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court Jackson County, Missouri.

## PLAINTIFF'S ALLEGATIONS

7. Plaintiff alleges that on August 17, 2020, Plaintiff purchased one box each of Hy-Vee's "Peaches and Cream" instant oatmeal and "Strawberries and Cream" instant oatmeal, at least partially "for evaluative purposes of this lawsuit." Petition, ¶ 6.

8. Four days later, Plaintiff filed her Petition in the State Court Action alleging that Hy-Vee engaged in "deceptive, unfair, and false merchandising practices" in connection with its sales of Hy-Vee's Strawberries & Cream Instant Oatmeal and its Peaches & Cream Instant Oatmeal (collectively the "Oatmeals"). Exhibit 1—Petition, ¶¶ 2-4. Plaintiff claims that images of dried strawberries and dried peaches used on the labels of the Oatmeals would "lead a reasonable consumer to conclude the Oatmeals contain strawberries and peaches." Exhibit 1—Petition, ¶¶ 2-4, 16-17. The label on the Oatmeals clearly states they are artificially flavored,

and the ingredient list includes dried apples (but not peaches or strawberries). Exhibit 1—Petition, ¶¶ 16-17.

9. Plaintiff brings three claims against Hy-Vee in this putative class action lawsuit: (i) in Count I, Plaintiff purportedly asserts a claim against Hy-Vee for violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.025; (ii) in Count II, Plaintiff purportedly asserts a claim against Hy-Vee for negligent misrepresentation; and (iii) in Count III, Plaintiff purportedly asserts a claim against Hy-Vee for unjust enrichment.

10. Plaintiff seeks to represent a consumer class of Plaintiffs consisting of:

> All persons in Missouri who purchased Hy-Vee Strawberries & Cream Instant Oatmeal or Peaches & Cream Instant Oatmeal in the five years preceding the filing of this Petition (the "Class Period"). Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, its legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

Exhibit 1—Petition, ¶¶ 26-27

11. As set forth more fully below, this Court has jurisdiction over this matter, and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## JURISDICTION UNDER CAFA

12. The Class Action Fairness Act of 2005 ("CAFA"), which is codified at 28 U.S.C. § 1332(d) *et seq.*, provides that federal district courts shall have original jurisdiction of any civil action in which:

　　a. The matter is a class action defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure

authorizing an action to be brought by 1 or more representative persons as a class action," 28 U.S.C. §§ 1332(d)(1)(B) and 1332(d); and

      b.      The matter in controversy exceeds the sum or value of $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); and

      c.      Any member of a class of plaintiffs is (i) a citizen of a State different from any defendant, 28 U.S.C. § 1332(d)(2)(A), (ii) a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State, 28 U.S.C. § 1332(d)(2)(B), or (iii) is a citizen of a State, and any defendant is a foreign state or a citizen or subject of a foreign state, 28 U.S.C. § 1332(d)(2)(A); and

      d.      The primary defendants are not States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and

      e.      The number of members of all proposed plaintiff classes in the aggregate is not less than 100. 28 U.S.C. § 1332(d)(5)(B).

13.      This case meets all of the foregoing requirements.

### *Plaintiff's Lawsuit Is a Putative Class Action*

14.      Plaintiff's lawsuit is brought on behalf of "All persons in Missouri who purchased Hy-Vee Strawberries & Cream Instant Oatmeal or Peaches & Cream Instant Oatmeal in the five years preceding the filing of this petition (the 'Class Period')." Exhibit 1—Petition, ¶ 26.

15.      Plaintiff's lawsuit is brought "[p]ursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA." Exhibit 1—Petition, ¶ 26. Section 407.025 provides, in part, that "an action may be maintained as a class action in a manner consistent with Rule 23 of the Federal Rules of Civil Procedure and Missouri rule of civil procedure 52.08." Rule 52.08

provides, in part, that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all."

16. Accordingly, this action is a class action, as defined under 28 U.S.C. §§ 1332(d)(1)(B) and 1332(d).

**<u>The Amount in Controversy Exceeds $5 Million</u>**

17. Jurisdiction under CAFA requires that the matter in controversy exceed the sum or value of $5 million exclusive of interest and costs. 28 U.S.C. § 1332(d)(2).

18. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 574 U.S. 81, 81 (2014). Moreover, to establish a jurisdictional amount in connection with removing an action to federal court, a defendant is not required to concede liability for the amount of the plaintiff's claim. *Hartis v. Chicago Title Inc. Co.*, 694 F.3d 935, 946 (8th Cir. 2012). The movant's burden, should the moving party's amount-in-controversy allegation be contested, is "to merely show by a preponderance of the evidence that a fact finder *might* legally conclude that damages *are* greater than the requisite amount." *Id*. at 944 (emphasis in original); *Raskas v. Johnson & Johnson*, 719 F.3d 884, 886-87 (8th Cir. 2013).

19. The amount in controversy may include compensatory damages, punitive damages, and statutory attorney's fees. *Raskas*, 719 F.3d at 887, 88; *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Raskas*, 719 F.3d at 388.

20. Attempts to plead around CAFA jurisdiction fail. Prior to class certification, a stipulation to limit damages does not bind unnamed class members. *Standard Fire Insurance Co. v. Knowles*, 568 U.S. 588, 593 (2013). While Plaintiff is free to cap her own claims, she cannot bind absent class members to a specific amount in controversy. *Id.*; *CMH Homes v. Goodner*, 729 F.3d 832, 838 (8th Cir. 2013).

21. Hy-Vee does not concede that the jurisdictional amount is recoverable in this action. Indeed, Hy-Vee expressly denies that it is liable to any party for any damages of any kind or nature claimed by the Plaintiff or any other party in this action. However, as discussed more fully below, Hy-Vee can and has met its burden of showing that a fact finder might conclude that the amount in controversy in this action exceeds the $5 million jurisdictional threshold.

### *Actual Damages*

22. Plaintiff has asserted MMPA, negligent misrepresentation, and unjust enrichment claims against Hy-Vee. The MMPA provides for the recovery of actual damages, § 407.025.1 RSMo, and Plaintiff is seeking actual damages in this case:

> Plaintiff alleges that
>
> > Plaintiff and Class Members purchased the Oatmeals for personal, family or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the product . . . and the value of the product if it has been as represented.
>
> Exhibit 1—Petition, ¶ 40.

  a. Plaintiff further pleads that "the total value of her individual claims is, at most, equal to the refund price she paid for the Oatmeals" and is "typical of all class members with respect to the value of the claim." Exhibit 1—Petition, ¶ 9.

b. Plaintiff seeks "compensatory damages," but only in an amount which "when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire class." Exhibit 1—Petition, ¶ 56(c).

23. Hy-Vee has sold $213,080.51 worth of Oatmeal products during the class period. A fact finder might, therefore, legally conclude that the actual compensatory damages in this action are at least $213,080.51. *See Hartis*, 694 F.3d at 946.

### *Punitive Damages*

24. The MMPA provides for recovery of punitive damages. § 407.025.1 RSMo.

25. Plaintiff asserts in her Petition:

The MMPA further provides for a civil action to recover damages in § 407.025.1, RSMo, as follows:

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. ***The court may, in its discretion, award punitive damages*** and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

Petition, ¶ 38 (emphasis added).

26. Plaintiff's Petition expressly accuses Hy-Vee of, among other things, "the act, use, or employment of deception, [and] fraud." *Id*. at ¶ 39

27. Plaintiff attempts to claim that "Plaintiff and Class members do not seek to recover punitive damages." Exhibit 1—Petition, ¶ 13. Plaintiff, however, cannot speak for

members of a proposed class before certification. *Standard Fire Insurance Co.*, 568 U.S. at 593-94.

28. While the Supreme Court has ruled that "few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process," the Court has repeatedly declined to impose a bright-line standard. *State Farm Mut. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

29. In cases alleging violations of the MPAA, courts have affirmed judgments with a punitive-to-actual ratio as high as 29:1. *See, e.g., Pirozzi v. Massage Envy Franchising, LLC.*, 938 F.3d 981 (8th Cir. 2019). Hence, if the fact finder were to determine that punitive damages are warranted and apply a similar ratio, the fact finder could legally award up to $6,179,334.77 in punitive damages in this case.

### *Attorney's Fees*

30. The MMPA provides for the recovery of attorney's fees. § 407.025.1 RSMo.

31. Plaintiff is seeking attorney's fees pursuant to the MMPA in this action. Exhibit 1—Petition, ¶¶ 38, 56(e).

32. In *Harrington Enterprises, Inc., v. Safety-Kleen Systems, Inc.*, this Court held that the Court "may consider the Consumer Class's statutory attorney's fees" when evaluating whether the $5 million jurisdiction threshold under CAFA has been met. 42 F. Supp. 3d 1197, 1201 (W.D. Mo. 2013). In that case, the Court applied a "standard 33% attorney's fees, [which], when coupled with the claimed compensatory damages and potential punitive damages, exceed[ed] the $5 million jurisdictional threshold. *Id*.

33. If Plaintiff recovers compensatory damages of $213,080.51 (see ¶ 23) and punitive damages of $6,179,334.77 (see ¶ 28), a total of $6,392,415.28, a 33% attorney's fee would be $2,109,497.04.

34. Additionally, the Missouri Supreme Court has approved the use of a lodestar formula and multiplier when awarding attorneys' fees under the MMPA, and the Court has approved attorneys' fees disproportionate to the amount recovered for the class. *See Berry v. Volkswagen Grp. of Am., Inc.*, 397 S.W.3d 425 (Mo. banc 2013) (approving $6,174,640 in attorneys' fees where class action resulted in payment to class of $125,261).

35. When the claimed compensatory damages, punitive damages, and attorney's fees are added together, the amount clearly exceeds the required $5 million for CAFA jurisdiction.

### *The Parties are Diverse*

36. Hy-Vee is an Iowa Corporation that is both incorporated and maintains its principal place of business in West Des Moines, Iowa. Indeed, in her Petition in the State Court Action, Plaintiff acknowledges that Hy-Vee "is a citizen of Iowa . . . ." Exhibit 1—Petition, ¶ 7. Hy-Vee is, therefore, a citizen of the State of Iowa pursuant to 28 U.S.C. § 1332(c)(1).

37. Plaintiff, the only named plaintiff, alleges that she is a "Missouri citizen" residing in the City of Lee's Summit, Missouri. Exhibit 1—Petition ¶ 6. Plaintiff also seeks to represent a class of other similarly-situated Missouri consumers who purchased the Oatmeals. Exhibit 1—Petition ¶¶ 1 and 6.

38. There is, therefore, complete diversity of citizenship because Plaintiff and Hy-Vee are citizens of different states. For purposes of diversity, the citizenship of absent putative class members is irrelevant. *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 2053, 22 L.Ed.2d 319 (1969); *Esler v. Northrop*, 86 FRD 20, 28 (W.D.Mo. 1979).

### *Exceptions to CAFA Jurisdiction are not Applicable*

39. CAFA provides that federal court jurisdiction does not exist for certain class actions including class actions where the primary defendants are "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A). This provision does not apply because Hy-Vee is not a state, a state official, or a government entity.

40. CAFA provides that federal court jurisdiction does not exist for class actions where "the number of members of all proposed plaintiff classes int eh aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). This provision does not apply because Plaintiff alleges, "[u]pon information and belief, the Class consists of thousands of purchasers." Exhibit 1—Petition ¶ 28.

41. CAFA provides that a district court *may* decline jurisdiction in a class action in which greater than one-third but less than two-thirds of the members of the proposed plaintiff classes and the primary defendants are citizens of the State in which the action was originally filed. 28 U.S.C. § 1332(d)(3). That permissive provision does not apply because Plaintiff alleges the purported class members are "[a]ll persons in Missouri . . ." Petition ¶ 26.

42. CAFA provides that a district court *shall* decline to exercise jurisdiction under 28 U.S.C. § 1332(d) if, among other things, one or more defendants is a citizen of the state where the action is filed. 28 U.S.C. § 1332(d)(4). As noted above, Hy-Vee (the only defendant) is a citizen of Iowa, not Missouri.

43. CAFA provides that federal court jurisdiction pursuant to 18 U.S.C. § 1332(d)(2) does not apply to a class action that solely involved a claim that (i) concerns a covered security, (ii) that relates to the internal affairs or governance of a corporation, or (iii) relates to the rights,

duties, and obligations relating to or created by or pursuant to any security. None of these provisions of CAFA apply here.

### *No Waiver of Defenses*

44. By removing this action to federal court, Hy-Vee does not waive any defense that is otherwise available to it. Hy-Vee does not concede liability to Plaintiff under any theory and contests Plaintiff's entitlement to any damages.

45. Hy-Vee reserves all rights to answer or present other defenses or objections pursuant to FED R. CIV. P. 81(C) or other provisions of law.

Dated: October 14, 2020

                                        Respectfully submitted,

                                        */s/ Jeffrey A. Kennard*

| | |
|---|---|
| Jeffrey A. Kennard | MO #46689 |
| Craig M. Leff | MO #43446 |
| Cameron E. Grant | MO #72225 |
| Andrew C. Birkinsha | MO #72712 |

SCHARNHORST AST & KENNARD, P.C.
1100 Walnut Street, Suite 1950
Kansas City, Missouri 64106-2197
Tel:   (816) 268-9400
Fax:  (816) 268-9409
Email: jkennard@sakg.com
           cleff@sakg.com
           cgrant@sakg.com
           abirkinsha@sakg.com
*Counsel for defendant* Hy-Vee, Inc.

# CERTIFICATE OF SERVICE

I certify that on the 14th day of October, 2020, the original of the foregoing was served on the following counsel of record via ☐United States first-class mail ☐fax ☒e-mail ☐hand delivery ☐overnight delivery:

R. John Azimi    MO #48578
136 E. Walnut, Ste. 300
Independence, MO  64050
Jazimi@kansascitylawyer.co

Jeff Lingwall    MO #66043
4968 N. Ice Springs Way
Boise, ID 83713
jeff@lingwallconsulting.com


*s/ Jeffrey A. Kennard*
_____
An Attorney for Defendant