

## EXHIBIT 1

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MARCO A ROLDAN | **Case Number:** 2016-CV17304 |
| Plaintiff/Petitioner:<br><br>ABBY J FISHER<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>REZA JOHN AZIMI-TABRIZI<br>136 E WALNUT<br>STE 300<br>INDEPENDENCE, MO 64050 |
| Defendant/Respondent:<br><br>HY-VEE, INC | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Service by First Class Mail

**The State of Missouri to:** HY-VEE, INC
**Alias:**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105



***COURT SEAL OF***

***JACKSON COUNTY***

     You are summoned and, within 30 days after the enclosed acknowledgment is filed, you must file an answer to the enclosed petition with the clerk of this court and also serve this answer upon Plaintiff's'/Petitioner's attorney at the above address. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition.

<u>24-AUG-2020</u>
Date Issued

_____
Clerk

Further Information:

### Directions to Clerk

    The clerk should issue one copy of this summons for each Defendant/Respondent to be served by first class mail. Under Section 506.150.4, RSMo, service by first class mail may be made by Plaintiff/Petitioner or any person authorized to serve process under Section 506.140, RSMo.

OSCA (2-2017) SM80 (JAKSFCM) *For Court Use Only:* **Document ID# 20-SFCM-139** 1 of 2

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Revised 7/3/13                Service Information - Attorney

Electronically Filed - Jackson - Independence - August 21, 2020 - 08:22 PM

Case Type Code: TI

**IN THE CIRCUIT COURT OF JACKSON COUNTY
STATE OF MISSOURI**

Abby Fisher, individually and on )
behalf of all others similarly situated in )
Missouri, )
       )
       Plaintiffs, )
v. )
       )  Case No.: _____
Hy-Vee, Inc )
       )  Division: _____
       Defendant. )
       )  JURY TRIAL DEMANDED
Serve: C T CORPORATION SYSTEM )
       120 South Central Ave )
       Clayton, MO 63105 )

**PETITION AND JURY DEMAND**

1.   Plaintiff, Abby Fisher, individually and on behalf of all others similarly situated in Missouri, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

**NATURE OF THE CASE**

2.   This case arises out of Defendant Hy-Vee, Inc.'s ("Hy-Vee" or "Defendant") deceptive, unfair, and false merchandising practices regarding its Strawberries & Cream Instant Oatmeal and its Peaches & Cream Instant Oatmeal (individually, the "Oatmeal" or the "Product," and together the "Oatmeals" or the "Products").

3.   The labels of the Oatmeals feature prominent imagery which leads a reasonable consumer to conclude the Oatmeals contain strawberries and peaches. What appear to be dried strawberries and dried peaches are in fact cheap pieces of colored apple, literally disguised by dying to look like more expensive fruit.

4.   Competing similar products either contain the actual, undisguised fruit, or emphasize on the label that flavored apple pieces are included rather than actual strawberries or peaches.

5.   Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

6.   Plaintiff Abby Fisher is a resident of Lees Summit, Missouri. On at least one occasion during the Class Period (defined below), including on August 17, 2020, Plaintiff purchased the Oatmeals at a Hy-Vee grocery store located in Lees Summit, Missouri, for personal, family, or household purposes and for evaluative purposes of this lawsuit. The purchase price was $1.50 for each Product. Plaintiff's claim is typical of class members in this regard.

7.   On information and belief, Hy-Vee, Inc. is a citizen of Iowa (its state of incorporation and principal place of business). Hy-Vee maintains a registered agent in Missouri, at C T Corporation System, 120 South Central Ave. Clayton, Mo 63105.

## JURISDICTION AND VENUE

8.   This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court. The amount in controversy, however, is less than $75,000 per Plaintiff and Class Member individually and less than $5,000,000 in the aggregate.

9.   Plaintiff believes and alleges that the total value of her individual claims is, at most, equal to the refund of the purchase price she paid for the Oatmeals. Moreover, because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees, will not exceed

$4,999,999 and is far less than the five million dollar ($5,000,000) minimum threshold to create federal court jurisdiction. There is therefore no diversity or CAFA jurisdiction for this case.

10. Defendant cannot plausibly allege that it had sufficient sales of the Oatmeals in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

11. This Court has personal jurisdiction over Defendant pursuant to Missouri Code § 506.500, as Defendant has had more than minimum contact with the State of Missouri and has availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Oatmeals for sale throughout the State of Missouri.

12. Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff's injury occurred in Jackson County and because Defendant is not a resident of this State.

13. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

14. This pleading demands unliquidated damages. Accordingly, it is intended to limit recovery to an amount less than that required for diversity or CAFA jurisdiction in federal court.

## ALLEGATIONS OF FACT

15. Defendant produces, markets, and sells foodstuffs—including the Oatmeals—throughout the United States, including Missouri.

16. As part of its packaging, labeling, and sales, Defendant affixed labels to the Oatmeals that contain photographs of fruit that appear to be dried strawberries and dried peaches, along with images of fresh strawberries and peaches, and text that prominently states "Strawberries"

Electronically Filed - Jackson - Independence - August 21, 2020 - 08:22 PM

and "Peaches." Much smaller and less prominent text states that the product is "artificially flavored."

17. In fact, the Oatmeals do not contain strawberries or peaches. The small fruit pieces photographed inside the oatmeal that appear to be pieces of strawberry and peach are instead pieces of apple that have been colored with annatto[1] and Red 40 to look like peaches and strawberries—much more expensive fruits. Whole strawberries and a whole peach included in the imagery strengthen the consumers' association that the Oatmeals contain the depicted fruits.



---

[1] A dye derived from achiote seeds, used in foods as well as textiles, cosmetics, and hygiene products.

18. Defendant's Products thus imitate competitors that sell instant oatmeal which actually contains the advertised fruit, such as Kodiak's Strawberries and Cream (containing strawberries)[2] or Better Oats Classic Strawberries & Cream (containing strawberries, while noting the product

---

[2] https://shop.kodiakcakes.com/products/strawberries-and-cream-oatmeal-packets?variant=31290516471875&utm_medium=cpc

Electronically Filed - Jackson - Independence - August 21, 2020 - 08:22 PM

also contains "artificial strawberries … flavor").[3] Better Oats is a telling comparison, as the vignette shows the incredible similarity between actual dried strawberries (Better Oats) and dyed apple pieces (Hy-Vee), and Better Oats similarly notes artificial flavoring while still containing the depicted fruit.



19. As shown in the Better Oats example, instant oatmeal thus can be artificially flavored in multiple ways (in the oatmeal, and in the dried fruit). Competing products including artificial flavoring in the fruit pieces take care to inform consumers this is the case. For example, Quaker sells a similar product (with flavored apple pieces) which actually informs consumers in the principal display panel that they are buying "ARTIFICIALLY FLAVORED **FRUIT PIECES**" (bold

---

[3] https://www.amazon.com/Better-Oats-STRAWBERRIES-Instant-Oatmeal/dp/B00IIUGSBY/ref=asc_df_B00IIUGSBY/?tag=hyprod-20&linkCode=df0&hvadid=312152750572&hvpos=&hvnetw=g&hvrand=3874244829162900374&hvpone=&hvptwo=&hvqmt=&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9029600&hvtargid=pla-570710678050&psc=1&tag=&ref=&adgrpid=64869345351&hvpone=&hvptwo=&hvadid=312152750572&hvpos=&hvnetw=g&hvrand=3874244829162900374&hvqmt=&hvdev=c&hvdvcmdl=&hvlocint=&hvlocphy=9029600&hvtargid=pla-570710678050.

emphasis added), and that the product itself is "**ARTIFICIAL** STRAWBERRIES & CREAM **FLAVOR**"

(bold emphasis added).[4]



Similarly, H-E-B's Strawberries & Cream Instant Oatmeal includes "ARTIFICIALLY FLAVORED

**FRUIT PIECES**" (bold emphasis added) on the front labels to inform consumers they are not

buying actual strawberries.[5]

20. Hy-Vee currently advertises variants of these labels that contains *additional* misleading

elements: "artificially flavored" statements that are nearly the same color as the background of

---

[4] https://www.walmart.com/ip/Quaker-Instant-Oatmeal-Strawberries-Cream-10-Packets/10312453. For peaches, the Quaker labeling contains a similar note to consumers. https://www.amazon.com/Quaker-Instant-Oatmeal-Peaches-Cream/dp/B015N1G5XQ/ref=sr_1_11?dchild=1&keywords=oatmeal+peaches&qid=1597898287&s=grocery&sr=1-11.
[5] https://www.heb.com/product-detail/h-e-b-instant-strawberries-cream-instant-oatmeal/445128.

Electronically Filed - Jackson - Independence - August 21, 2020 - 08:22 PM

the principal display panel, in contrast to bright, vivid, and large lettering indicating Strawberries (in the color of strawberries) and Peaches (in the color of peaches).[6]

 

21.     Further, some Hy-Vee Oatmeals actually *do* contain the fruits depicted on the label, further strengthening the association in the minds of reasonable consumers that what they see is what they get from Hy-Vee.[7]

22. Defendant then placed the Oatmeals with the misleading labels into the stream of commerce, where they were purchased by Plaintiff and Class Members.

23. Defendant's purpose in using the misleading labels was to increase its profits by promising consumers strawberries and peaches but delivering instead cheap apples.

---

[6] https://web.archive.org/web/20200820044133/https://www.hy-vee.com/grocery/PD9300756/Hy-Vee-Strawberries-Cream-Instant-Oatmeal-10-123-oz-Packets; https://web.archive.org/save/https://www.hy-vee.com/grocery/PD9304870/Hy-Vee-Peaches-Cream-Instant-Oatmeal-10-123-oz-Packets.
[7] Hy-Vee's Instant Oatmeal Cranberry with Flaxseed actually contains dried cranberries. https://www.hy-vee.com/grocery/PD29621504/Hy-Vee-Instant-Oatmeal-Cranberry-with-Flaxseed-8-141-oz-Packets.

24. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

25. While FDA regulations govern some relevant label aspects, FDA labeling regulations do not address the totality of the misleading text and imagery, and thus do not preempt Missouri law prohibiting deceptive advertising.

## CLASS ALLEGATIONS

26. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

> All persons in Missouri who purchased Hy-Vee Strawberries & Cream Instant Oatmeal or Peaches & Cream Instant Oatmeal in the five years preceding the filing of this Petition (the "Class Period").

27. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, its legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

28. Upon information and belief, the Class consists of thousands of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

9

29. There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

    a.  Whether the Oatmeals' labels are false, misleading, and deceptive;

    b.  Whether Defendant violated the MMPA by selling the Oatmeals with false, misleading, and deceptive representations;

    c.  Whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising; and

    d.  The proper measure of damages sustained by Plaintiff and Class Members.

30. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members and there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class.

31. Members and Plaintiff have no interests adverse to the interests of other Class Members.

32. Plaintiff will fairly and adequately protect the interests of Class Members and has retained competent and experienced counsel.

33. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a.  The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

b. Absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

c. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

34. Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

35. Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

## CLAIMS FOR RELIEF

**First Claim for Relief**
**Violation of Missouri's Merchandising Practices Act**

36. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

37. Missouri's Merchandising Practices Act (the "MMPA") prohibits the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." § 407.020, RSMo.

38. The MMPA further provides for a civil action to recover damages in § 407.025.1, RSMo, as follows:

> Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.

39. Defendant's conduct constitutes the act, use, or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices, and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce in that the label of the Oatmeals leads consumers to believe that the Oatmeals contain costlier fruits which they do not. The Products were therefore worth less than the products as represented.

40. Plaintiff and Class Members purchased the Oatmeals for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the product (containing dried apple pieces) and the value of the product if it had been as represented (containing strawberries or peaches).

41. Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons. § 407.025.2.

**Second Claim for Relief**
**Negligent Misrepresentation**

42. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

43. Defendant has negligently represented that the Products contain strawberries or peaches. In fact, the Products contain cheaper colored pieces of apple dyed to appear as the more expensive fruits. Multiple competing products more clearly inform consumers what they are purchasing or actually contain the depicted fruits.

44. Such representation was made by Defendant with the intent that Plaintiff and Class Members rely on such representation in purchasing the Products.

45. As a result, Defendant has failed to take ordinary care and misrepresented a material fact to the public, including Plaintiff and Class Members, about the Products.

46. Defendant knew or should have known that these omissions and affirmative statements would materially affect consumers' decisions to purchase the Products.

47. Reasonable consumers relied on Defendant's representations set forth herein, and, in reliance thereon, purchased the Products.

48. The reliance is reasonable and justified in that Defendant appeared to be, and represented itself to be, a reputable business, including selling other products that actually contain the depicted fruits, as do competing products.

49. Plaintiff and Class Members suffered an economic loss by paying a price premium for the Products that they would not have paid absent Defendant's misrepresentations.

50. As a direct and proximate result of these misrepresentations, Plaintiff and Class Members were induced to purchase and consume the Products, and have suffered damages to be determined at trial, in that, among other things, they have been deprived of the benefit of their bargain in that they bought Products that were not what they were represented to be, and they have spent money on Products that had less value than was reflected in the price they paid for the Products.

**Third Claim for Relief**
**<u>Unjust Enrichment</u>**

51. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

52. Plaintiff and the Class Members conferred a benefit on Defendant in that they purchased the Oatmeals that were manufactured, distributed, and sold by the Defendant.

53. Defendant appreciated the benefit because, were consumers not to purchase the Oatmeals, Defendant would have no sales and would make no money from the Oatmeals.

54. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Oatmeals.

55. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a.  Grant certification of this case as a class action;

b.  Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c.  Award compensatory damages to Plaintiff and the proposed Class in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class, or, alternatively, require Defendant to disgorge or pay restitution in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

d.  Award pre- and post-judgment interest in an amount which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

e.  Award reasonable and necessary attorneys' fees and costs to Class counsel, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class; and

f.  For all such other and further relief as may be just and proper.

Dated this 21st day of August 2020.

Abby Fisher, Individually, and on Behalf of a Class
of Similarly Situated Individuals, Plaintiff

Submitted By:

_____/s/ R. John Azimi_____
R. John Azimi        MO #48578
136 E. Walnut, Ste. 300
Independence,  MO 64050
816-716-1120
jazimi@kansascitylawyer.co
ATTORNEY FOR PLAINTIFF AND PUTATIVE CLASS

_____/s/ Jeff Lingwall_____
Jeff Lingwall        MO #66043
4968 N. Ice Springs Way
Boise, ID 83713
203-654-9253
jeff@lingwallconsulting.com
ATTORNEY FOR PLAINTIFF AND PUTATIVE CLASS

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**ABBY J FISHER,**

               **PLAINTIFF(S),**            **CASE NO. 2016-CV17304**

**VS.**                                            **DIVISION 16**

**HY-VEE, INC,**

               **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **MARCO A ROLDAN** on **16-DEC-2020** in **DIVISION 16** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

Case 4:20-cv-00831-HFS   Document 1-1   Filed 10/14/20   Page 19 of 21

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ MARCO A ROLDAN
MARCO A ROLDAN**, Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
JEFF WILLIAM LINGWALL, 386 PROSPECT ST APT C1, NEW HAVEN, CT 06511

REZA JOHN AZIMI-TABRIZI, 136 E WALNUT, STE 300, INDEPENDENCE, MO 64050

Defendant(s):
HY-VEE, INC

Dated: 24-AUG-2020

MARY A. MARQUEZ
Court Administrator

Electronically Filed - Jackson - Independence - August 21, 2020 - 08:22 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| Abby Fisher, individually and on behalf of all others similarly situated in Missouri, | ) ) ) | |
| Plaintiffs, | ) | Case No.: _____ |
| v. | ) ) | |
| Hy-Vee, Inc | ) | Division: _____ |
| Defendant. | ) ) | JURY TRIAL DEMANDED |
| Serve: C T CORPORATION SYSTEM | ) | |
| 120 South Central Ave | ) | |
| Clayton, MO 63105 | ) | |

**ENTRIES OF APPEARANCE**

Comes now undersigned counsel and enter their appearance as attorneys of record for and behalf of Plaintiff, Abby Fisher, individually and all other plaintiffs similarly situated in Missouri in the above-styled cause and request that notices and other pleadings in this matter be sent to them at the below-referenced emails and/or address.

Submitted By:

AZIMI LAW FIRM, LLC
_____/s/ R. John Azimi_____
R. John Azimi     MO #48578
136 E. Walnut, Ste. 300
Independence, MO 64050
816-716-1120
jazimi@kansascitylawyer.co
ATTORNEY FOR PLAINTIFF AND PUTATIVE CLASS

_____/s/ Jeff Lingwall_____
Jeff Lingwall     MO #66043
4968 N. Ice Springs Way
Boise, ID 83713
203-654-9253
jeff@lingwallconsulting.com

Submission Date: 08/21/2020     ATTORNEY FOR PLAINTIFF AND PUTATIVE CLASS